# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-1170 PA (SSx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Kerry Sides v. Stryker Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Stryker Corporation, Howmedica Osteonics Corp (sued as "Howmedica Osteonics Corp. dba Stryker Orthopaedics, Inc."), and Stryker Sales Corporation (collectively "Defendants"). In the Notice of Removal, Defendants assert that this Court has jurisdiction over the action brought against them and co-defendant Charles Moon, M.D. ("Moon") by plaintiff Kerry Sides ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In an effort to establish Plaintiff's citizenship, the Notice of Removal alleges that "[u]pon information and belief, at all times material hereto, Plaintiff was a citizen of the State of California. (See Complaint ¶ 1.)" (Notice of Removal ¶ 11.) However, rather than support this contention, the first

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1170 PA (SSx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Kerry Sides v. Stryker Corp., et al. | | |

paragraph of the Complaint provides that Plaintiff "is currently a resident of the County of Spokane, State of Washington. At the time Plaintiff was implanted with the 'ABO II Modular Hip' system, she was a resident of Sutter County, State of California." (Compl. ¶ 1.) Thus, the Complaint does not support, much less establish, that Plaintiff is a citizen of California for purposes of determining whether complete diversity exists. See Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129 (9th Cir. 2002) (in actions removed based on diversity jurisdiction, diversity of citizenship must exist when the complaint is filed and when removal is effected). In addition, an individual is not necessarily domiciled where he or she resides. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Accordingly, the Notice of Removal fails to establish Plaintiff's citizenship.

Furthermore, the Notice of Removal alleges that Moon's citizenship should be ignored because Moon was fraudulently joined. (Notice of Removal ¶ 21.) The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

However, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1170 PA (SSx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Kerry Sides v. Stryker Corp., et al. | | |

Here, Defendants assert that the Complaint's allegations against Moon fail to state a claim for relief and are refuted by Dr. Moon's declaration filed in support of the Notice of Removal. (Notice of Removal ¶¶ 18, 19).) On these grounds, Defendants assert that Moon was fraudulently joined. The Court cannot conclude on this record that there is no possibility that the plaintiff may prevail on the cause of action against the in-state defendant based solely on Moon's denials or that Plaintiff would not be afforded leave to amend her Complaint to state a viable claim against Moon. Therefore, Defendants have failed to meet their burden to establish that Moon is fraudulently joined, and the Court will not ignore his citizenship for purposes of evaluating whether diversity jurisdiction exists.

Because Defendants have not adequately established Plaintiff's citizenship, nor have they identified Moon's citizenship, they have further failed to demonstrate the existence of complete diversity, and the Court cannot exercise diversity jurisdiction.

For all of the foregoing reasons, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC682123. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.